**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DALE HANCOCK,** | ) | CASE NO. 1:26 CV 1489 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE MICHAEL J. HENDERSHOT |
| | ) | |
| **METROHEALTH SYSTEMS** | ) | |
| **AT CUYAHOGA COUNTY JAIL,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro se* plaintiff Dale Hancock, a prisoner currently incarcerated at Lorain Correctional Institution, filed this civil rights complaint against MetroHealth Systems at Cuyahoga County Jail. [R.1]. Plaintiff also filed an application to proceed *in forma pauperis* [R.2], which the Court grants by separate order.

**BACKGROUND**

In May 2026, three doctors at the Institution evaluated Hancock to check his blood pressure and address any medical concerns he had. Hancock showed the doctors a rash on his face, arms, legs, and body. Hancock indicates that the doctors prescribed Ammonia Lactate lotion for the rash to use as needed. Hancock says that he has nerve damage to his hands and no feeling in his fingertips "from being dragged backwards out of medical by [his] cuffs" on the day of his appointment. [R.1 at #3-4].

Three days after his examination, Hancock's face developed painful boils. According to Hancock, Nurse Doss (the nurse "on the nurse cart") advised him to discontinue use of the prescribed lotion immediately, and she gave him Hydrocortisone to stop the burning. Thereafter, two cart nurses for his floor ordered him pain medication and Hydrocortisone. Hancock says that the new medications were helping but he soon ran out and he did not receive more. Hancock claims that he begged for help for his face and hands. He was advised that he was scheduled to be evaluated but "they couldn't tell me when." [*Id.*].

For relief, Hancock requests money damages for his "pain and suffering and the negligence." [R.1, at #5]. He also requests treatment from a dermatologist and a hand specialist.

## STANDARD OF REVIEW

Courts liberally construe *pro se* pleadings. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The district court, however, must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if the Court determines it "is frivolous or malicious," it "fails to state a claim upon which relief can be granted," or it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if it fails to satisfy the pleading standard outlined in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Hill*, 630 F.3d at 470-71. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* at 677-78 (quoting Fed. R. Civ. P. 8(a)(2)). The factual

allegations in the pleading must be sufficient "to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff need not include detailed factual allegations, but she must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple "'recitation of the elements of a cause of action'" will not meet this pleading standard. *Id.* (quoting *Twombly*, 550 U.S. at 555). The Court is "'"not bound to accept as true a legal conclusion couched as a factual allegation."'" *Id.* at 679 (quoting *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

In reviewing a complaint, "the court must construe [the pleading] in the light most favorable to the plaintiff." *Thompson v. Bank of America, N.A.*, 773 F.3d 741, 750 (6th Cir. 2014).

**DISCUSSION**

Upon review, the Court finds the complaint warrants summary dismissal. Even liberally construed, the complaint fails to state a plausible civil rights claim on which relief may be granted.

The Eighth Amendment prohibits prison officials from acting with "deliberate indifference" toward an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). A prisoner raising an Eighth Amendment claim therefore demonstrate that (1) his medical condition, objectively, posed a "substantial risk of serious harm" to him, and (2) each defendant in question acted with subjective deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828-30, 834 (1994).

The objective element requires the existence of a "sufficiently serious" medical need. *Id.* at 834. A sufficiently "serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention." *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (citations omitted).

"The subjective [element] requires an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Blackmore*, 390 F.3d at 895 (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)). To establish the requisite culpability, a prisoner must demonstrate that the prison official(s) "(1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

An "inadvertent failure to provide adequate medical care" is not "repugnant to the conscience of mankind" and is therefore insufficient to state a claim of deliberate indifference. *Estelle*, 429 U.S. at 105-106. And "allegations of medical malpractice or negligent diagnosis and treatment" are insufficient to state a claim. *Jennings v. Al-Dabagh*, 97 Fed. App'x. 548, 549-50 (6th Cir. 2004); *Mitchell v. Hininger*, 553 F. App'x 602, 604 (6th Cir. 2014) ("Deliberate indifference requires more than mere negligence, more even than medical malpractice."). Likewise, a prisoner's disagreement with the treatment received is insufficient to allege an Eighth Amendment violation. *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Mitchell*, 553 F. App'x at 605 (a prisoner's "desire for additional or different treatment does not suffice" to make out a claim).

In evaluating a deliberate-indifference claim concerning medical care or treatment, courts "distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quotation omitted). When a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to

second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Medical treatment, however, can be "'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 604 (quoting *Alspaugh*, 643 F.3d at 169).

Here, Hancock cannot establish deliberate indifference. According to his complaint, medical professionals examined Hancock and prescribed medicine for his skin condition. When that medication caused Hancock problems, at least two nurses advised him to stop taking the medication and they prescribed new medication, which Hancock conceded helped. Additionally, when Hancock sought further treatment—for his skin condition and his hands—Hancock was told that he was scheduled for an examination. These allegations do not support a plausible inference that the care Hancock received was "'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 604 (quoting *Alspaugh*, 643 F.3d at 169). Nor is there any suggestion in the complaint that the prison health-care providers at any time deliberately ignored Hancock's medical needs with the intent to inflict pain or prolong any suffering. *See Farmer*, 511 U.S. at 837-47. At worst, the medical care Hancock received might have been negligent. Hancock's claims, therefore, do not plausibly plead deliberate indifference. *See Mitchell*, 553 F. App'x at 604; *see also Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) ("When a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs but merely a degree of incompetence which does not rise to the level of a constitutional violation.") (citation omitted).

Hancock has failed to allege a plausible Eighth Amendment deliberate-indifference claim concerning the medical treatment provided.

## CONCLUSION

Accordingly, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B). Further, the Court certifies, under 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 5, 2026

*s/Michael J. Hendershot*
**HONORABLE MICHAEL J. HENDERSHOT**
**UNITED STATES DISTRICT COURT**